UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                              Case No: 8:17-bk-08708 RCT
                                                                    Chapter 7
SARDUY, RODOLFO
SARDUY, MICHELLE DIEGUEZ

        Debtor(s).
_____/

## AMENDED MOTION TO APPROVE COMPROMISE OF CONTROVERSY

### NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

**Pursuant to local rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party-in-interest files a response within 21 days from the date set forth on the proof of service, plus an additional three days for service if any party was served by U.S. mail.**

**If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at Sam M. Gibbons Courthouse, 801 N. Florida Ave., #555, Tampa, FL 33602-3899, and serve a copy on the Movant, Christine L. Herendeen, at P.O. Box 152348, Tampa, FL 33684, and any other appropriate person(s) within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.**

**If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

      COMES NOW, Christine L. Herendeen, as Trustee in Bankruptcy of the above named Debtor, by and through her undersigned attorney, and moves this Honorable Court for the authority to compromise a controversy with the Debtor(s) and directing that service of any Order granting or denying this motion be limited to the Debtor, Debtor's attorney, the Trustee, Trustee's attorney, other parties to the proposed transaction, and objecting party, if any, and as grounds therefore would state as follows:

**Background:**

1. The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on or about October 13, 2017, and the 341 meeting in this case was conducted and concluded on November 15, 2017.

2. Christine L. Herendeen was appointed to serve as Chapter 7 Trustee in this case.

**The Controversy:**

3. The Debtors' have equity in their personal property in excess of the allowed amounts under applicable law, specifically, $8,231.00 in the 2006 Dodge Ram 2500 SLT, $600.00 in the jewelry, $292.02 in the Disney stock, and $5.00 and $4.91 in the GTE business accounts.

4. The Debtors' received the November 2017 post-petition rent in the amount of $1,100.00 from tenants at an investment property, which rent is property of the estate.

5. The Trustee has listed the surrendered real property for sale with a realtor.

6. The Trustee has been advised that the investment property belongs to a homeowners association. The Debtors are liable for post-petition dues payable to the homeowner's association, which dues must be paid in full at a closing of a sale of the property.

7. The Debtors are liable for the return of a security deposit to the current tenants in the amount of $1,200.00 at the end of the lease term, absent violations of the lease.

8. The Debtors acknowledge having excess equity in their personal property but they believe the value is less than $9,132.93. Further, the Debtors' acknowledge receipt of the November 2017 post-petition rent from the investment property in the amount of $1,100.00, as well as liability for the tenants' security deposit; however, the Debtors do not have the funds readily available for turnover to the estate and did not intend to do anything improper.

**The Compromise:**

9. The Trustee and the Debtor have agreed to compromise the controversy.

10. The Debtor has agreed to pay $3,000.00 to the Trustee by January 11, 2018 and to pay $5,219.64 by February 27, 2018 to buyback the excess equity in the personal property listed in paragraph three (3) above.

11. The Debtors will make the December 2017 and January 2018 payments timely to the homeowner's association and will provide proof of payment(s) to the Trustee.

12. The Debtors will pay $391.25 to the Trustee for the post-petition rents and will return the security deposit of $1,200.00 by paying it to the Trustee on or before March 14, 2018.

13. The Debtors agree to assist the Trustee, and in fact have assisted the Trustee to date, in communications with the current tenants at the surrendered real property in order to maintain the status quo as to the lease, payment of rents, turnover of keys to the property, and any and all issues or execution of closing documents as may be necessary in connection with the Trustee's maintenance of the property and sale of the real property.

14. The Debtors will file the 2017 tax return timely, turnover a copy of the return to the Trustee upon filing the same, turnover the estate portion of the tax refund, and turnover the non-estate portion of the 2017 tax refund to the extent necessary to pay any amounts due to the estate.

15. Any and all payments are to be made payable to Christine L. Herendeen, Trustee and should be mailed via regular U.S. mail to P.O. Box 152348, Tampa FL  33684.

16. The Trustee will not pursue any litigation against the Debtors in connection with the equity in their personal property, post-petition rents, or security deposit.

17. The Trustee will abandon all assets not part of the compromise, including specifically, the scheduled real property at 801 Booker Village Circle, Lutz, FL  33548; and the scheduled

personal property: Regions bank accounts, personal GTE bank accounts, household goods and furnishings, electronics, collectibles (baseball cards), clothing; sport and hobby equipment (fishing poles, bikes, cameras; baseball equipment; turntables), and dog.

18. The Debtor and the Trustee have negotiated this Compromise for the purpose of resolving all matters existing between them and to avoid further litigation regarding same.

**Applicable Law:**

19. Pursuant to Federal Rule of Bankruptcy Rule 9019(a), approval of a compromise is within the sound discretion of this Court. *In re Foster Mortg. Corp.*, 68 F.3d 914, 917 (5th Cir. 1995); *In re American Reserve Corp.*, 841 F.2d 159, 162 (7th Cir. 1987); *In re Walsh Construction, Inc.*, 669 F. 2d 1325, 1328 (9th Cir. 1992). The standard for approval of a compromise is whether the proposed settlement is "fair and equitable" and "in the best interest of the estate." *Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). In *In re Justice Oaks II, Ltd.,* 898 F.2d 1544 (11th Cir. 1990, *cert denied* 498 U.S. 959, (1990), the Court enunciated certain factors which must be considered in determining whether to approve a compromise. These factors include the following:

   a. The probability of success in the litigation;

   b. The difficulties, if any, to be encountered in the matter of collection;

   c. The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

   d. The paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Id.*

Moreover, to approve a compromise, the Court need not determine which party would ultimately prevail, but only that the matter was open to reasonable doubt. *Id.*

**Best Interests of the Creditors:**

20. The Trustee submits that the proposed compromise is in the best interests of the Debtors, the creditors, and the Estate and represents the exercise of her business judgment and, therefore, satisfies the factors set forth by the Eleventh Circuit in *In re Justice Oaks II, Ltd.* Under the circumstances, the proposed compromise is both fair and well within the range of reasonableness. The Trustee believes that such a compromise is in the best interest of the bankruptcy estate because it minimizes the expenses of litigation and the Estate will receive $8,610.89 for the benefit of the creditors. Further, the Trustee will receive post-petition rent from the tenants while marketing the investment property and she will have the full cooperation of the Debtors throughout the sale and closing process, improving her ability to sell the surrendered property, which is currently under contract with equity available for the benefit of the creditors.

WHEREFORE, the Trustee respectfully requests that the Court enter an amended Order approving the proposed settlement, directing that service of the Order be limited to the Debtor, Debtor(s) attorney, the Trustee, Trustee's attorney, other parties to the proposed transaction, and objecting party, if any, and any other relief it deems appropriate.

Dated:  February 19, 2018

                                        Respectfully submitted,

                                        /s/ Christine L Herendeen
                                        Christine L. Herendeen
                                        Florida Bar No. 0094315
                                        Herendeen Law, LLC
                                        P.O. Box 152348
                                        Tampa, FL  33684
                                        (813) 438-3833
                                        clherendeen@herendeenlaw.com
                                        Attorney for Trustee

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                                  Case No. 8:17-BK-08708 RCT
                                                                                        Chapter 7
SARDUY, RODOLFO
SARDUY, MICHELLE DIEGUEZ

       Debtor(s)
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2018, a true and correct copy of the Amended Motion to Approve Compromise of Controversy, together with any and all exhibits, has been furnished by electronic delivery or first class U.S. mail to the attached matrix.

       Respectfully submitted,

       /s/ Christine L Herendeen
       Christine L. Herendeen
       Florida Bar No. 0094315
       Herendeen Law, LLC
       P.O. Box 152348
       Tampa, FL  33684
       (813) 438-3833
       clherendeen@herendeenlaw.com
       Attorney for Trustee

```
Label Matrix for local noticing          Michelle Dieguez Sarduy                  Rodolfo Sarduy
113A-8                                   801 Brooker Village Circle               801 Brooker Village Circle
Case 8:17-bk-08708-RCT                   Lutz, FL 33548-5061                      Lutz, FL 33548-5061
Middle District of Florida
Tampa
Tue Feb 20 10:59:48 EST 2018

Bureaus Investment Group Portfolio No 15 LLC    Capital One Bank (USA), N.A. -   Discover Bank -
c/o PRA Receivables Management, LLC             PO Box 71083                     Discover Products Inc.
PO Box 41021                                    Charlotte, NC  28272-1083        PO Box 3025
Norfolk VA 23541-1021                                                            New Albany, OH 43054-3025


United States Trustee - TPA7/13 +        Carolyn Secor +                         Steve Dinh Tran +
Timberlake Annex, Suite 1200             Carolyn Secor PA                        eXL Legal
501 E Polk Street                        2451 N McMullen Booth Road, Ste 200     12425 28th St North, Ste 200
Tampa, FL 33602-3949                     Clearwater, FL 33759-1362               St. Petersburg, FL 33716-1826


Christine L Herendeen, Attorney for Trustee
PO Box 152348
Tampa, FL 33684-2348
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Note: Entries with a '+' at the end of the     End of Label Matrix
name have an email address on file in CMECF      Mailable recipients    9
-------------------------------------------      Bypassed recipients    1
Note: Entries with a '-' at the end of the       Total                 10
name have filed a claim in this case
```